**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00031-MR-WCM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ADAM BURNICE KAKENOWASH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 14].

On April 6, 2021, the Defendant was charged in a Bill of Indictment with two counts of knowingly transporting and attempting to transport child pornography, all in violation of 18 U.S.C. § 2252A(a)(1); three counts of knowingly distributing and attempting to distribute any child pornography, all in violation of 18 U.S.C. § 2252A(a)(2)(A); and two counts of knowingly possessing and accessing with intent to view any material that contained an image of child pornography, all in violation of 18 U.S.C. § 2252A(a)(5)(B). [Doc. 1]. On May 24, 2021, the Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel. On May 26, 2021, the

Defendant's arraignment was held, at which time the Magistrate Judge calendared the case to the June 28, 2021 trial term. On June 15, 2021, the Court continued the case to its current setting during the September 7, 2021 trial term. [Doc. 11]. On August 20, 2021, the Government filed a plea agreement and a factual basis. [Docs. 12, 13].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 14]. As grounds, counsel states that the Defendant's removal from jail will increase the Defendant's risk of contracting COVID-19 due to multiple interactions with other individuals during transport and holding. [Id. at 2]. Counsel also states that removing the Defendant for an in-person Rule 11 Hearing would likely require that he quarantine or be placed in solitary confinement upon his return, as well as possibly require his permanent removal from the dorm where he has been safely living. [Id.]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be conducted in person without seriously jeopardizing public health and safety."

2

<u>Coronavirus Aid, Relief, and Economic Security Act</u> (CARES Act) Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing "cannot be further delayed without serious harm to the interests of justice." <u>Id.</u> For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.[1]

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 14] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: August 27, 2021

Martin Reidinger
Chief United States District Judge

---

[1] The Court notes that while the Defendant's Rule 11 Hearing is authorized to be conducted by videoconference, this Order does not necessitate that the Rule 11 Hearing be conducted by videoconference. Specifically, the Defendant's Rule 11 Hearing may still be held in person if the Defendant's current facility of confinement cannot provide the necessary capabilities to conduct the Rule 11 Hearing by videoconference.

3